Donald Loren ALDRICH, Appellant

v.

The STATE of Texas, Appellee.

No. 71,996.

Court of Criminal Appeals of Texas.

En Banc.

June 26, 1996.

Rehearing Denied Sept. 11, 1996.

Sam Glenn Griffith, Tyler, for appellant.

Edward J. Marty, Asst. Dist. Atty., Tyler, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

MANSFIELD, Judge.

In point of error number twelve-B, appellant argues that the trial court's denial of his pretrial motion to quash the jury panel violated his Sixth Amendment right to be tried by a jury drawn from a fair cross-section of the community and his Fourteenth Amendment right to due process of law.[1] Appellant contends that (a) these rights were violated because Hispanics were not fairly represented on the jury panel, and (b) Hispanics were not fairly represented on the jury panel because the panel was not selected in the manner prescribed by Texas Government Code § 62.001, which provides in relevant part:

(a) The jury wheel must be reconstituted by using, as the source:

(1) the names of *all persons on the current voter registration lists* from all the precincts in the county; and

(2) all names on a current list to be furnished by the Department of Public

---

**1.** Appellant also contends under this point of error that the trial court's actions violated his Sixth Amendment right to the effective assistance of counsel, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to the equal protection of the laws. Appellant proffers no argument or authority with respect to these particular claims, however, so we consider them inade-

quately briefed and as presenting nothing for our review. Tex.R.App. Proc. 74(f) and 210(b).

We could properly dismiss this entire point of error as multifarious, because it contains more than one legal theory. See *Sterling v. State*, 800 S.W.2d 513, 518 (Tex.Crim.App.1990), cert. denied, 501 U.S. 1213, 111 S.Ct. 2816, 115 L.Ed.2d 988 (1991); G. Dix & R. Dawson, *Texas Criminal Practice and Procedure* § 43.296 (1995). Nevertheless, in the interest of justice, we will address the legal theories that are briefed adequately.

Safety, showing *the citizens of the county who hold a valid Texas driver's license and the citizens of the county,* other than persons who are disqualified from jury service, *who hold a valid personal identification card or certificate* issued by the department.

(Emphasis added.) Appellant complains, and the record reflects, that the veniremembers in this case were summoned not from a list of all those registered to vote and all those holding driver's licenses or personal identification cards or certificates, as § 62.001(a) would seem to require, but rather from a list of all those registered to vote and all those who, *since December 31, 1991,* had been issued driver's licenses or personal identification cards or certificates or had had such renewed. The record does not reflect, however, whether the percentage of Hispanics on the jury panel was actually dissimilar to the percentage of Hispanics residing in Kerr County.

▬▬ The Sixth Amendment requires that the jury panel from which the petit jury is selected represent a fair cross-section of the community. *Taylor v. Louisiana,* 419 U.S. 522, 528–529, 95 S.Ct. 692, 696–697, 42 L.Ed.2d 690 (1975). A defendant may establish a prima facie violation of the fair-cross-section requirement by demonstrating that: (1) the group allegedly excluded is a "distinctive" group in the community; (2) the group was not fairly represented on the jury panel from which the petit jury was chosen; and (3) the underrepresentation resulted from a systematic exclusion of the group in the jury selection process. *Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979). A criminal defendant need not be a member of the underrepresented group to have standing to raise the claim. *Id.* at 359 n. 1, 99 S.Ct. at 666 n. 1. The prosecution may rebut a prima facie fair-cross-section violation by showing that the disproportionate exclusion manifestly and primarily advances a significant governmental interest. *Id.* at 367–368, 99 S.Ct. at 670.

Appellant has failed to make a prima facie showing of a fair-cross-section violation. We accept that Hispanics are a distinctive group in any community, but appellant has not shown that Hispanics were actually underrepresented on the jury panel in his case.

▬▬ We turn next to appellant's due process claim. We note that due process may be offended if the jury panel is selected in an arbitrary and discriminatory manner. See *Peters v. Kiff,* 407 U.S. 493, 502, 92 S.Ct. 2163, 2168, 33 L.Ed.2d 83 (1972) (plurality). In this case, however, the selection system utilized was not arbitrary and discriminatory. On the contrary, it was systematic and neutral. We overrule point of error number twelve-B.

▬▬ In point of error number thirteen, appellant argues that the trial court's denial of his motion to quash the jury panel violated several of his rights under Article I, §§ 10, 13, and 19 of the Texas Constitution. However, because appellant proffers no argument or authority as to the protection provided by the state constitutional provisions in question, his claims based on those provisions are inadequately briefed and present nothing for our review. Tex.R.App. Proc. 74(f) and 210(b). We overrule point of error number thirteen.

▬▬ In point of error number fourteen, appellant argues that the trial court's denial of his motion to quash the jury panel violated his right to have that panel selected in accordance with Texas Government Code § 62.001.[2] As we mentioned in our discussion of point of error number twelve-B, the record reflects that the veniremembers in this case were summoned not from a list of all those registered to vote and all those holding driver's licenses or personal identification cards or certificates, as § 62.001(a) would seem to require, but rather from a list of all those registered to vote and all those who, since December 31, 1991, had been issued driver's licenses or personal identifica-

---

**2.** Appellant also contends under this point of error that the trial court's actions violated his rights under Articles 1.04, 1.05, 1.051, and 1.12 of the Texas Code of Criminal Procedure. Appellant does not cite the pages in the record where these claims were made to the trial court, however, so we consider them inadequately briefed and as presenting nothing for our review. Tex. R.App. Proc. 74(d),(f) and 210(b).

tion cards or certificates or had had such renewed. Nevertheless, the veniremembers in this case were not selected unlawfully. Compare *Lawton v. State*, 913 S.W.2d 542, 554 (Tex.Crim.App.1995). Section 10(c) of the 1991 act that amended § 62.001 provided that "[t]he Department of Public Safety is not required to include a person's name on a list ... unless the person is issued or renews a driver's license or personal identification card or certificate on or after the effective date of this Act." Acts 1991, 72nd Leg., ch. 442, § 10(c). The effective date of the act was January 1, 1992. We overrule point of error number fourteen.

CLINTON, J., dissents.

OVERSTREET, J., dissents on points of error 15–22 and otherwise joins.