NO. 07-00-0443-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 2, 2001

______________________________

CARLOS OMAR PENA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 208
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 811465; HONORABLE DENISE COLLINS, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Presenting five issues which, he argues, require reversal, appellant Carlos Omar Pena challenges his conviction of possession of cocaine with intent to sell in an amount of at least 400 grams.  The punishment was assessed by the jury at 30 years confinement in the Institutional Division of the Department of Criminal Justice and a fine of $250,000.  For reasons we later recount, we affirm the judgment of the trial court.

In his issues, appellant questions whether 1) and 2) the evidence was legally or factually sufficient to sustain the conviction, 3) the trial court erred in refusing a mistrial after the State argued to the jury that appellant resided in the apartment where the controlled substance (cocaine) was found when the State knew that it had presented no such evidence, 4) appellant was denied due process, due course of law, and his right to a fair trial when the State argued to the jury that appellant resided in the apartment where the cocaine was found when the State knew it had presented no such evidence, and 5) the trial court erred when it failed to grant a mistrial when evidence was admitted at the guilt-innocence phase of the trial regarding appellant’s record of prior offenses. 

The nature of the questions presented requires us to recount pertinent portions of the trial evidence.  At the time of his arrest, appellant had been under investigation for approximately three to four months.  Police Officer T.R. Walker, who had been investigating appellant, testified that after he and his partner had observed appellant on several occasions and had determined his real name, they obtained a jail I.D. photo to better ascertain his identity.  Walker averred that he had been conducting surveillance on the apartment in question for some two months.  During that period, he had seen appellant near the apartment on at least four occasions, although he never actually saw him enter or leave it.  However, he said, his partner Dennis Davis had seen appellant leave the garage connected to the apartment.  Shortly after that time, Walker obtained a warrant to search the apartment and to arrest appellant.

The morning after he obtained the warrant, and in order to determine if appellant was at the apartment, Walker resumed his surveillance of the apartment.  Although he did not see Pena there on the day in question, he did see an Hispanic male, known to him as Santiago Campos, leave the vicinity of the apartment in a green pickup after placing a small box in the rear of the vehicle.  Campos was later arrested by Davis and, in a search of the vehicle, the small box was found to contain three kilograms of cocaine.

Davis returned to the apartment complex after arresting Campos and, because Walker and Davis were concerned that their surveillance had been compromised, they decided to execute the warrant.  However, when entry to the apartment was made and the officers discovered appellant was not present, Walker left to locate and arrest appellant.

Walker located appellant leaving a restaurant and, after the car occupied by appellant had been pulled over by two marked police cars, Walker approached appellant’s car, identified himself, and read appellant his 
Miranda
 warnings. Walker asked for appellant’s driver’s license.  However, appellant did not have a license and identified himself as Xavier Marquez.  When Walker called appellant by his real name, appellant responded, “[h]ey, let’s work this out. Can we work this out?”  Appellant was immediately arrested and his car searched.  A Ruger P89 pistol was found under appellant’s seat.  After the arrest, Walker returned to the apartment upon which the search warrant had been executed.

Officer Davis was present during the entire time the apartment was searched.  He identified the items which had been found in the apartment before and after appellant and Walker returned to the scene.  Before appellant and Walker’s return, Davis found empty kilogram wrappers covered with residue that tested positive for cocaine.  Also found were rolls of duct tape and plastic wrap-items commonly used for packaging cocaine, and drug residue was found on the kitchen cabinet.  Empty bottles of procaine, inositol, and boric acid, substances which are often used to “cut” cocaine and increase its value were also found in the kitchen.  Additionally, the officers found a scale covered with cocaine residue, a Ruger pistol in a kitchen drawer, seven photographs of appellant and empty prescription bottles with the name of Xavier Marquez on the labels.

In the attic, the officers found a box containing multiple kilos of cocaine which was not removed until after Walker and appellant returned to the apartment.  In an upstairs bedroom, a currency counter was found, and two safes were found in a downstairs closet.  The safes were neither opened nor removed from the closet until after Walker’s return with appellant.  In the apartment garage, the searchers found several empty procaine bottles and a machine commonly used to press cocaine into kilogram quantities which was covered in residue. 

When Walker and appellant arrived at the apartment, Davis testified that he saw appellant point to the box in the attic which had not yet been moved.  Davis also heard Walker ask appellant for, and receive, the combinations to the safes.  When the safes were opened, Walker found $57,204 in cash, another 9mm Ruger pistol and a bag of marijuana.  Davis also averred that the car in which appellant was arrested was one in which he had been seen leaving the apartment.

The box found in the apartment attic was submitted for fingerprint examination, but no usable prints were found.  However, fingerprints matching those of appellant were found on the box of cocaine that was recovered from Santiago Campos.

The standards by which we evaluate appellant’s first two issues suggesting legal and factual sufficiency are well established.  We must first determine the legal sufficiency question because if the evidence is not legally sufficient to sustain the verdict, the prosecution must be dismissed.  
Clewis v. State
, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).  In conducting a legal sufficiency review, we must view the evidence in the light most favorable to the verdict to determine if any rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt.  The verdict must be upheld unless it is irrational or unsupported by more than a scintilla of evidence.  
Jackson v. Virginia
, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); 
Moreno v. State
, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).  

Additionally, the legal sufficiency of the trial evidence must be determined in light of the statute governing appellant’s prosecution.  Section 481.112(a) of the Health & Safety Code provides that an individual commits an offense if that person knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance.  Tex. Health & Safety Code Ann. § 481.112(a) (Vernon Supp. 2001). Section 481.002(8) of the Code defines “deliver” as a transfer, either actual or constructive, of a controlled substance to another.

To sustain a conviction under these statutes, the State must prove beyond a reasonable doubt that the accused exercised care, control or management over the contraband at a time that he knew the substance possessed was contraband.  
Brown v. State
, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995).  The required level of culpability can be met by an affirmative showing of facts linking the accused to the contraband.  
Id.
 at 747.  Factors that establish an affirmative link include: 1) whether the contraband was conveniently accessible to the accused, 2) whether the accused was the owner of the place where the contraband was found, 3) conduct by the accused indicating a consciousness of guilt, and 4) affirmative statements connecting the accused to the contraband.  
Gilbert v. State
, 874 S.W.2d 290, 298 (Tex.App.--Houston [1
st
 Dist.] 1994, pet. ref’d).  The final requirement of the statute, intent to deliver, can be established by circumstantial evidence.  
Williams v. State
, 902 S.W.2d 505, 507 (Tex.App.--Houston [1
st
 Dist.] 1994, pet. ref’d).

Appellant argues that he was not sufficiently linked to the apartment in which the contraband was located.  He also contends that because the trial court sustained his objection to the statement that he resided in the apartment, there is no indicia of possession with intent to deliver.  However, in this regard, the law does not require that a defendant be in exclusive control of the cocaine or the location where it is found, but only that the cocaine be affirmatively linked to the defendant.  
Martin v. State
, 753 S.W.2d 384, 387 (Tex.Crim.App. 1988).

In this case, under the evidence we have outlined, we conclude that even without proof that appellant resided in the apartment, a rational trier of fact could have believed that appellant had access to the contraband as he knew its location in the attic and the safe combinations.  He also exhibited a consciousness of guilt by his statement upon his arrest, and by the testimony that his fingerprints were on the cocaine Campos was carrying when he was arrested.  Appellant’s first issue is overruled.

In determining the factual sufficiency of the evidence to sustain the conviction, we must analyze all the evidence without regard to the prism of “in the light most favorable to the prosecution” and only set aside the verdict if it so contrary to the overwhelming weight of the evidence as to be unjust.  
Clewis v. State
, 922
 
S.W.2d 126, 129 (Tex.Crim.App. 1996).  In performing our analysis, we must also bear in mind that the jury is entitled to draw reasonable inferences from the evidence presented before it, even if that evidence is circumstantial.  
Ex parte Watson
, 606 S.W.2d 902, 905 (Tex.Crim.App. 1980).  We are only entitled to act to prevent a manifest injustice.  
Jones v. State
, 944 S.W.2d 642, 648 (Tex.Crim.App. 1996).  Further, in determining whether a manifest injustice has occurred, we must remain cognizant of the fact that merely because the jury has resolved conflicting views in favor of the State, a manifest injustice has occurred.  
Cain v. State
, 958 S.W.2d
 
404, 410 (Tex.Crim.App. 1997).  Viewed in the light by which we must view it, we find the evidence is factually sufficient to sustain the conviction.  Appellant’s second issue is overruled.

As we have noted, in his third and fourth issues, appellant complains that the trial court erred in refusing a mistrial after an improper argument by the prosecutor. The argument to which appellant refers occurred during the State’s closing argument when he stated, “[s]ure nobody knows when they (appellant’s fingerprints) were put on there (the box) but it was in his (appellant’s) possession while he lived there at the Reims address.”  The trial court sustained appellant’s objection and instructed the jury to disregard it but, as is evident, refused a mistrial.

In support of his proposition, appellant reasons that the very nature of the charged offense required the State “to present evidence that apartment 4006 was Appellant’s [sic] or that Appellant could be ‘linked’ to the apartment and the cocaine located therein as that term is understood in law” and, because of this, the argument was so prejudicial a mistrial was required. 

Permissible jury argument is limited to four areas:  1) summation of the evidence; 2) reasonable deductions from the evidence; 3) responses to opposing counsel’s argument; and 4) pleas for law enforcement. 
Coble v. State
, 871 S.W.2d 192, 204 (Tex.Crim.App. 1993).  Generally, if an argument falls outside of those areas, error occurs.  However, an instruction to disregard generally cures the error.  
McGee v. State
, 774 S.W.2d 229, 238 (Tex.Crim.App. 1989).  Reversible error only occurs when the statements to the jury are so extreme, manifestly improper, or inject new and harmful facts into the case sufficient to deprive the defendant of a fair and impartial trial.  
Id. 

Even assuming arguendo that the argument was not a reasonable deduction from the evidence, under the evidence in this record, it was not of such a nature that the trial court’s prompt instruction was not sufficient to cure any error.  That finding necessitates our disposition of appellant’s fourth issue contentions, without citation of supporting authorities, that the harm he suffered reached “constitutional dimensions” requiring reversal. Appellant’s failure to support that particular argument, without supporting authorities, waives it.  
Aldrich v. State
, 928 S.W.2d 558, 560 (Tex.Crim.App. 1996).  Appellant’s third and fourth issues are overruled.

In his fifth and final issue, appellant posits the trial court reversibly erred by failing to grant a mistrial “based upon the admission of testimony at the guilt innocence phase regarding appellant’s record of prior offenses.” The statement in question was that of  Walker, in which he testified, “[o]nce we determined that his real name was Carlos Omar Pena, we got it checked through HPD resources and Harris County resources, and got a jail I.D. photo.”  The trial court sustained appellant’s objection to the statement and duly instructed the jury to disregard it.  Generally, a witness’s inadvertent reference to a prior offense is cured by an instruction to disregard and it is only when a remark is clearly intended to inflame the minds of the jury or is of such damning character as to make it impossible to remove the impression that such an instruction is not sufficient.  
Kipp v. State
, 876 S.W.2d 330, 339 (Tex.Crim.App. 1994).  
See also Ladd v. State
, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999) (trial court’s denial of a mistrial is reviewed under an abuse of discretion standard).  Under this record, the trial court’s instruction to disregard was sufficient to cure any error in the reply.  Appellant’s fifth and final issue is overruled.

In sum, none of appellant’s issues reveal reversible error, they are all overruled and the judgment of the trial court is affirmed.

John T. Boyd

 Chief Justice

Do not publish.