Opinion filed April 10, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 10,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00223-CR 

                                                     __________

 

                           DANNY
MARTIN KENNEDY JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                  On Appeal from the 29th District Court

 

                                                      Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. 12848

 



 

                                                                   O
P I N I O N

 

The
jury found Danny Martin Kennedy Jr. guilty of the aggravated sexual assault of
his four-year-old daughter and assessed his punishment at sixty years
confinement in the Institutional Division of the Texas Department of Criminal
Justice and a fine of $10,000.  We affirm.








Appellant
does not challenge the sufficiency of the evidence.  Witnesses for the State at
trial were his daughter (who by then was six years old), her mother (appellant=s wife), an investigator
for Child Protective Services, an investigator with the Palo Pinto County
Sheriff=s Office, and
a psychologist (president of Behavioral Measures & Forensic Services in
Dallas).

Appellant
raises three points of error.  His first point involves challenges for cause
during voir dire (due to answers concerning the full range of punishment) and
his request for additional peremptory challenges.  His second point involves
the admissibility of a statement by appellant to the psychologist.  His third
point involves a remark by the State during closing argument.

Voir
Dire Questions Concerning Full Range of Punishment

In
appellant=s first
point, he contends that the trial court erred in rehabilitating certain
veniremembers who had stated that they could not consider the minimum
punishment in an aggravated sexual assault case.

In
reviewing trial court rulings on challenges for cause, we afford the trial
court considerable deference because it is in the best position to evaluate a
prospective juror=s
demeanor and responses.  Russeau v. State, 171 S.W.3d 871, 879 (Tex.
Crim. App. 2005); Colburn v. State, 966 S.W.2d 511, 517 (Tex. Crim. App.
1998).  We will reverse a trial court=s
ruling on a challenge for cause only if a clear abuse of discretion is
evident.  When a prospective juror=s
answers are vacillating, unclear, or contradictory, we accord deference to the
trial court=s
decision.  Russeau, 171 S.W.3d at 879.

At
the outset of the voir dire, the trial court asked if there were any
veniremembers who could not consider the full range of punishment, Aall the way from a low of
five years with a probated sentence up to a high of 99 years or life in prison,@ in an aggravated sexual
assault of a child case.  Two members said that they could not and were
dismissed for cause.  During trial counsel=s
voir dire, he stated that the State had to prove every single element beyond a
reasonable doubt and had Ato
prove that Danny Kennedy molested his daughter.@ 
Subsequently, trial counsel said that he wanted to go over the range of
punishment again.  When he asked if each member could Afairly consider the minimum range of
punishment of five years probation for the crime of aggravated sexual assault
of a child,@
twenty-one additional members indicated that they could not.[1]








At
the end of trial counsel=s
voir dire, the trial court observed that, when it asked the question concerning
the range of punishment, only two members said that they could not consider the
full range but that many members said they could not when trial counsel later
asked the question.  The trial court then asked one veniremember why he had
changed his answer.  He responded that the trial court had asked a general
question but that trial counsel Agot
it in our face.@  The
veniremember was referring to trial counsel=s
statement that the State had to prove that ADanny
Kennedy molested his daughter.@ 
The trial court explained that it was inappropriate for the trial court or
either lawyer to pin the veniremembers down prior to trial to what they would
do in view of specific facts of this case.  The trial court then correctly
phrased the punishment question and questioned the veniremembers again.[2]

After
the trial court had questioned each veniremember, the State and trial counsel
agreed on the dismissal of seventeen members for cause.  Trial counsel later
asked for four additional peremptory strikes.  He stated to the court that he
had to use peremptory strikes against veniremembers Mr. Nelson, Dr. Baker, Mr.
Veliz, and Ms. Fisher because they were not also dismissed for cause and had
been rehabilitated.  Appellant repeated his earlier objection to the trial
court that the court could not rehabilitate jurors after they had indicated
they could not consider the full range of punishment; his objection was not
that the four were not properly rehabilitated.  

Appellant
has provided few references to the record, and we are unable to find where the
trial court questioned a Mr. Nelson.  Further, the record does not reflect that
a Mr. Nelson ever stated that he could not consider the full range of
punishment.  Dr. Baker stated several times to the court that in a proper case
he could consider the minimum punishment.  Mr. Veliz and Ms. Fisher told the
trial court that the only reason they had changed their answer was because of
trial counsel=s giving
the specific fact that appellant was charged with aggravated assault of his own
daughter.  It is not at all clear from the record that Mr. Veliz and Ms. Fisher
could not consider the full range of punishment in an aggravated sexual assault
case as they had first indicated.








 
Appellant argues that the trial court erred because A[i]t is not the function of the Court to
rehabilitate venire persons.@ 
Appellant cites Gardner v. State, 733 S.W.2d 195 (Tex. Crim. App. 1987),
for this proposition.  However, the court in Gardner stated that a trial
court may ask questions of veniremembers:

In countless cases
before this Court, we have seen the trial judges intervene in voir dire
examinations.  Usually such intervention is warranted for purposes of
clarification and expedition and we have implicitly approved this practice time
and time again.  Enriquez v. State, 429 S.W.2d 141 (Tex.Cr.App.1968). 
See also: Anderson v. State, 633 S.W.2d 851 (Tex.Cr.App.1982).  Only
when a trial court=s
comments during voir dire are reasonably calculated to benefit the State or
prejudice the defendant=s
rights will reversible error occur.

 

Gardner,
733 S.W.2d at 210.

The
record reflects that the veniremembers were confused.  The trial court
correctly advised them that it was improper to obtain a commitment from a juror
as to how he or she would decide an issue in the case based on a particular
fact.  See White v. State, 629 S.W.2d 701, 706 (Tex. Crim. App. 1981).  Commitment
questions are those that commit a prospective juror to resolve or to refrain
from resolving an issue a certain way after learning a particular fact.  Standefer
v. State, 59 S.W.3d 177 (Tex. Crim. App. 2001).

Standefer
overruled the earlier case of Maddux v. State, 862 S.W.2d 590 (Tex.
Crim. App. 1993), that Aheld
that defense counsel could properly ask whether a prospective juror could
consider probation in a murder case in which a child had died.@  Standefer, 59
S.W.3d at 180.  Standefer stated that trial counsel can still ask, ACan you consider probation
in a murder case?@
because that question only commits a prospective juror Ato [keep] the punishment options open (i.e.,
to refraining from resolving the punishment issues in a certain way) in a
murder case.@  Id.
at 181.  A prospective juror must be able to consider the full range of
punishment provided for an offense or be challengeable for cause.  In other
words, jurors are required to follow the law as enacted by the legislature.  Id.
at 181.








The
trial court in this case determined that trial counsel had in effect asked, ACan you consider probation
in an aggravated assault of a child case where the child is the daughter of the
defendant?@  A
negative answer to that question would not mean that the juror could not
consider the full range of punishment in an appropriate case of aggravated
sexual assault of a child.  At the punishment phase, a juror might or might not
consider the fact that a victim is the daughter of the defendant; the
legislature has not required that fact to be considered as an element.  As Standefer
stated, it is improper to ask the question, ACould
you consider probation in a case where the victim is a nun?@ because that asks the
juror Ato say whether
he would refrain from resolving an issue in the case (probation) based upon a
fact in the case (the victim is a nun).@ 
Id. at 180.  Thus, it does not appear that the four members were
challengeable for cause in any event.  See Lee v. State, 206 S.W.3d 620
(Tex. Crim. App. 2006).  Appellant=s
first point is overruled.

Admissibility
of Appellant=s
Confession

In
three short paragraphs, appellant complains that the trial court erred in
allowing his confession to a psychologist to be introduced into evidence. 
Appellant states that he was driven to Dallas for a polygraph test at the
direction of the Palo Pinto County District Attorney; that he Awrote out a confession
admitting his guilt in this case@
while being interviewed; and that, although he gave the confession after being
given Miranda[3] warnings, his
attorney was not present.  Appellant provides only four citations to the record
and cites no cases.  Appellant=s
claim has been inadequately briefed and presents nothing for review.  Tex. R. App. P. 38.1; Salazar v.
State, 38 S.W.3d 141, 147 (Tex. Crim. App. 2001); Aldrich v. State,
928 S.W.2d 558 (Tex. Crim. App. 1996).

Despite
appellant=s inadequate
briefing, we have reviewed the record and find that appellant=s complaint lacks merit. 
When reviewing the trial court=s
decision on the admission of evidence, appellate courts use the abuse of
discretion standard.  Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim.
App. 2002); Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). 
The trial court=s
ruling will not be reversed unless that ruling falls outside the zone of
reasonable disagreement.  Torres, 71 S.W.3d at 760; Burden, 55
S.W.3d at 615.  








The
State presented evidence that appellant and his former counsel had consented to
the polygraph examination.  Officer Craig Gowen with the Palo Pinto County
Sheriff=s Office
testified that he transported appellant to Dallas at Ahis prior counsel=s request@
to meet with a man named Rick Holden.  The trial court then excused the jury
and conducted a hearing to determine Athe
voluntariness and admissibility@
of the statement made by appellant to the psychologist, Eric Joseph Holden, the
president of Behavioral Measures & Forensic Services in Dallas.  Holden
testified that he was aware that appellant=s
former counsel had permitted appellant to be interviewed, that appellant
voluntarily signed a consent form that contained the Miranda warnings,
that Holden went over the consent form with appellant, and that the last
paragraph of the consent form contained a statement that all the matters set
out in the form were explained to appellant and that appellant fully understood
his rights.  Holden said that he and appellant then talked for about three and
one-half to four hours.

During
the interview, appellant explained his version of what had happened with his
daughter and signed a written statement that contained the following:

I realized after I
woke up with her mouth on my penis, I had been dreaming.  I was under the
covers not longer than a minute and realized that Patty [appellant=s wife] was at work.  Her
mouth on my penis top one minute before I came.  During that time, I realized
that Patty was at work and that it was [appellant=s
daughter].

 

Officer Gowen
was recalled and testified that he signed appellant=s statement as a witness and that appellant
signed the statement Afreely
and voluntarily.@ 
Officer Gowen said that he had not spoken directly with appellant=s former counsel but that
it was clear to him while driving to Dallas that appellant knew where he was
going, that it was his idea to go there, and that he wanted to go to Dallas. 
There was no rebuttal evidence by appellant during the hearing.  Appellant=s only objection was that
his appointed counsel was not present at his interview with Holden.

At
the end of the hearing outside the jury=s
presence, the trial court first made certain that appellant=s counsel had been
furnished appellant=s
statement and the consent form prior to trial.  The trial court found that
appellant=s counsel
had consented to the examination; that appellant had been given all of the
advice, information, and warnings required by law; that the statement was
voluntarily and freely made; that appellant had been furnished the statement
and consent form prior to trial; that appellant had been given the opportunity
to present witnesses and to cross-examine witnesses during the hearing; and
that appellant=s
statement was admissible as evidence in the trial.  The statement and consent
form were introduced into evidence during Holden=s
testimony when the trial resumed. 

The
trial court did not err in admitting appellant=s
statement.  Appellant=s
second point is overruled.








Closing
Argument

In
appellant=s third and
final point, he claims that the trial court erred in allowing the State to
specifically refer to appellant not presenting evidence during trial. 
Appellant objected to the following statement by the State during closing
argument:

Now,
the witnesses that we=ve
brought you and the things that they testified to, if defense had anything that
they could bring you to rebut any of that, don=t
you know they would have done it?

 

At that point,
appellant stated the following: 

Objection,
Your Honor.  That=s a
direct violation of law and the Court=s
instructions.

 

The trial court
then stated:

I
understand.  Ladies and gentlemen, I=ll
just say this: the instructions that I=ve
given you in the charge will control.  Just pay real close attention to those
instructions.

 

The record
reflects that appellant did not ask for an instruction to disregard or request
a mistrial.

The
only case cited by appellant is Montoya v. State, 744 S.W.2d 15 (Tex.
Crim. App. 1987).  In Montoya, the State said, AWhat do we hear from this man over here?@  That comment was error. 
744 S.W.2d at 34.  In Montoya, however, the court found that the error
was harmless.  Id. at 40.  Apparently, appellant is arguing on appeal in
this case that the State=s
comment was a direct comment on appellant=s
failure to testify.  Appellant=s
objection at trial did not comport with his complaint on appeal.  Appellant has
waived this complaint.  Tex. R. App. P.
33.1; Smith v. State, 176 S.W.3d 907 (Tex. App.CDallas 2005, pet. ref=d).

There
is an additional reason why the complaint has been waived.  Even if we were to
conclude that the statement was an indirect reference to appellant=s failure to testify B which we do not believe it
was B appellant waived
any objection because he did not request an instruction to disregard by the
trial court.  To preserve error in prosecutorial argument, a defendant must
pursue to an adverse ruling his objections to jury argument.  Archie v.
State, 221 S.W.3d 695 (Tex. Crim. App. 2007).  The usual sequence is
objection, instruction to disregard, and motion for mistrial.  Young v.
State, 137 S.W.3d 65, 69-70 (Tex. Crim. App. 2004).  Appellant did not
request an instruction to disregard or a motion for mistrial.  Appellant=s third point is overruled.








This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

April 10, 2008

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We are assuming that those twenty-one members
indicated that they could not consider the full range of punishment when asked by
trial counsel.  The record is not at all clear on each juror=s view on the full range of punishment because trial
counsel went through the panel quickly without making certain each juror made
his or her actual views on punishment known.





[2]The court asked, AAre
you able to reasonably and fairly consider the full range of punishment in an
aggravated sexual assault of a child case, all the way from the lowest possible
punishment to the highest possible punishment and wait until you hear the facts
of the particular case to decide what is appropriate?@  The court had reminded them that the low end of the
range was five years with a probated sentence and the high end of the range was
ninety-nine years or life.





[3]Miranda v. Arizona, 384 U.S. 436 (1966).