COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| RAUL PARRA, | § | No. 08-11-00371-CR |
| Appellant, | § | Appeal from the |
| v. | § | 409th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20060D03360-409-1) |
| | § | |

## **O P I N I O N**

Raul Parra ("Parra") appeals the trial court's order denying his request for post-conviction DNA testing. In a single issue, Parra contends that the Texas post-conviction DNA statute, TEX.CODE CRIM.PROC.ANN. art. 64.01 *et seq*., as construed by Texas courts, has denied Parra procedural due process by denying his request for post-conviction DNA testing. For the reasons set out below, we affirm.

### BACKGROUND

Parra was convicted in 2008 of aggravated sexual assault of a child. Parra's conviction and sentence was affirmed by this Court on direct appeal. *See Parra v. State*, No. 08-09-00059-CR, 2010 WL 2768527 (Tex.App.--El Paso July 14, 2010, pet. ref'd)(not designated for publication). Following the issuance of the mandate, Parra filed an application for Article

11.07 post-conviction writ of *habeas corpus* on November 1, 2011.[1]   On November 8, 2011, Parra filed a Motion for DNA Testing, requesting appointment of counsel for the DNA request, and that the trial court order DNA testing of samples and clothing collected from the victim.   On December 1, 2011, after hearing the arguments of counsel, the trial court granted Parra's request for appointed counsel but denied the request for DNA testing.   Parra timely appealed.

## DISCUSSION

In his sole issue on appeal, Parra challenges the constitutionality of Article 64 of the Texas Criminal Code.   He argues that as construed by Texas courts, the post-conviction DNA statute denied him procedural due process in violation of his Fourteenth Amendment rights.[2]   Parra did not raise this complaint at the hearing or in any motion filed with the trial court.

The Court of Criminal Appeals has held that "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute."   *Karenev v. State,* 281 S.W.3d 428, 434 (Tex.Crim.App. 2009).   This holding, which as an intermediate court we are bound to apply, prevents us from considering Parra's sole issue.   Accordingly, because Parra did not raise a facial challenge to the constitutionality of Article 64 in the trial court, he may not do so now on appeal.   *See* TEX.R.APP.P. 33.1(a)(1)(A); *Karenev*, 281 S.W.3d at 434; *Williams v. State*, Nos. 01-07-00965-CR, 01-07-00966-CR, 01-07-00967-CR, 2011 WL 346473, *1 (Tex.App.--Houston

---

[1]  The Court of Criminal Appeals has ordered the writ application be filed and set for submission on Parra's claims of ineffective assistance of counsel. *See, e.g. Ex parte Parra*, No. AP-76871, 2012 WL 4045844 (Tex.Crim.App. Sept. 12, 2012)(unpublished order).

[2]  While Parra presents this as a single issue throughout his brief, in a single sentence in the summary of the argument in his brief Parra adds; "[i]n issue two, Appellant asserts that the trial court erred in denying him the ability to perform DNA testing."   Parra does not brief this issue and does not direct this Court to any authority in support of this argument.   Accordingly, this portion of Parra's complaint is inadequately briefed and presents nothing for our review. *See* TEX.R.APP.P. 38.1(i); *Hankins v. State*, 132 S.W.3d 380, 385 (Tex.Crim.App. 2004)(failure to adequately brief issue, either by failing to specifically argue and analyze one's position or provide authorities and record citations, waives any error on appeal); *Aldrich v. State*, 928 S.W.2d 558, 559 n.1 (Tex.Crim.App. 1996); *see also Leza v. State*, 351 S.W.3d 344, 358 (Tex.Crim.App. 2011).

[1st Dist.] Jan. 31, 2011, pet. ref'd)(overruling facial challenge to constitutionality of Chapter 64 where appellant failed to raise issue in the trial court).

Parra's sole issue is overruled.

## CONCLUSION

Having overruled Parra's sole issue, the order of the trial court is hereby affirmed.


July 10, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

3