**Affirmed and Memorandum Opinion filed July 26, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-01024-CR

**BRAYAN OLAIS VASQUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 74453**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Brayan Olais Vasquez of murder and assessed punishment at ninety-nine years' imprisonment. In two issues, appellant contends (1) the evidence is legally insufficient to support his conviction and (2) the jury charge was erroneous. We affirm.

# I.   SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends the evidence is legally insufficient because no rational jury could find beyond a reasonable doubt that appellant "had any intent, nor the mens rea to commit murder."

## A.    Standard of Review and Legal Principles

"In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014) (quotation omitted). We defer to the jury's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). "The testimony of a single eyewitness alone can be sufficient to support a conviction." *Aviles-Barroso v. State*, 477 S.W.3d 363, 396 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

A person commits the offense of murder if he (1) intentionally or knowingly causes the death of an individual or (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. Tex. Penal Code Ann. § 19.02(b)(1)–(2). "Murder is a 'result of conduct' offense, which means that the culpable mental state relates to the result of the conduct, i.e., the causing of the death." *Schroeder v. State*, 123 S.W.3d 398, 400 (Tex. Crim. App. 2003). A person acts intentionally with respect to the result of his conduct when it is his conscious objective or desire to cause the result. Tex. Penal Code Ann. § 6.03(a). A person acts knowingly with respect to the result of

his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.* § 6.03(b).

"Intent to kill may be inferred from the use of a deadly weapon in a deadly manner." *Adanandus v. State*, 866 S.W.2d 210, 215 (Tex. Crim. App. 1993). "Further, '[i]f a deadly weapon is used in a deadly manner, the inference is almost conclusive that [the defendant] intended to kill . . . .'" *Id.* (alterations and omission in original) (quoting *Godsey v. State*, 719 S.W.2d 578, 580–81 (Tex. Crim. App. 1986)). In *Adanandus*, for example, the evidence was legally sufficient to prove intent when a bank teller testified that the defendant shot a customer during a struggle. *See id.*

## B.    The Evidence

Two eyewitnesses testified at trial that they had been riding in a car with appellant and the complainant on the night of the offense. All of the men got out of the car to "take a leak" on the side of the road. Both eyewitnesses testified that they saw appellant shoot the complainant multiple times after appellant and the complainant got out of the car. The doctor who performed the complainant's autopsy testified that the complainant had been shot at least four times. After the shooting, appellant told the eyewitnesses to run from the scene. They all got in a truck that had been waiting for them. Appellant told the eyewitnesses that they "better not say nothing." That night, appellant tried to give his gun away. The following day, he asked his mom to drive from Dallas to come pick him up. He told her to throw away his phone. He asked another friend to sell the gun.

## C.    Analysis

The testimony of the eyewitnesses alone sufficiently supports appellant's conviction. *See Aviles-Barroso*, 477 S.W.3d at 396. Their testimony supports a

conclusion that appellant used a deadly weapon in a deadly manner to cause the complainant's death. *See Adanandus*, 866 S.W.2d at 215. The jury could find beyond a reasonable doubt from this testimony that appellant had a conscious objective or desire to cause death or was aware that his conduct was reasonably certain to cause death. *See id.* Further indicators of appellant's guilt include his flight from the crime scene, leaving town, attempts to dispose of the gun and cell phone, and instructions to the eyewitnesses. *See Clayton v. State*, 235 S.W.3d 772, 780 (Tex. Crim. App. 2007) (defendant fled the crime scene); *Sanders v. State*, 119 S.W.3d 818, 821 (Tex. Crim. App. 2003) (defendant left town after the crime); *Palomo v. State*, 352 S.W.3d 87, 90 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (defendant tried to conceal evidence by hiding the murder weapon and asking his friend to flush bullets down a toilet); *Hoang v. State*, 263 S.W.3d 18, 23 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (defendant tried to cover up crime by instructing a witness not to tell anyone what had happened).

The evidence is legally sufficient. Appellant's first issue is overruled.

## II.  JURY CHARGE

In his second issue, appellant contends the trial court "should have granted appellant's requests for jury charge error, resulting in egregious harm as a result of the charge error." Specifically, appellant contends the trial court erroneously (1) included an instruction about reasonable doubt and (2) excluded an instruction about the meaning of a "not guilty" verdict.

## A.    Inadequate Briefing

Within this multifarious point of error,[1] appellant cites no relevant legal authorities and provides no substantive analysis concerning these jury instructions. *See* Tex. R. App. P. 38.1(i) (brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities"). Appellant cites only a few authorities concerning the standard for establishing harm under *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh'g). He cites no authorities relevant to the particular instructions.

Under these circumstances, appellant's brief is inadequate, and we may overrule his second issue on this basis. *See Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (overruling inadequately briefed issue because it is "incumbent upon counsel to cite specific legal authority and to provide legal argument based upon that authority"). Nevertheless, we will review the alleged charge error in the interest of justice. *See Buntion v. State*, 482 S.W.3d 58, 79 (Tex. Crim. App. 2016) (reviewing inadequately briefed issue in the interest of justice).

## B.    Instruction About "Reasonable Doubt"

At the charge conference, appellant objected to the trial court's inclusion of the following instruction: "It is not required that the prosecution prove guilt beyond all possible doubt. It is required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt." The Texas Court of Criminal Appeals has repeatedly held that a trial court does not abuse its discretion by giving this instruction. *Mays v. State*, 318 S.W.3d 368, 389 (Tex. Crim. App.

---

[1] We may overrule this point of error as multifarious because it contains more than one legal theory, but we address it in the interest of justice. *See Aldrich v. State*, 928 S.W.2d 558, 559 (Tex. Crim. App. 1996).

2010); *see also Jackson v. State*, 105 S.W.3d 321, 325–26 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).  The trial court did not err.

## C.    Meaning of a "Not Guilty" Verdict

At the charge conference, appellant requested the following instruction appearing in the pattern jury charges: "The verdict of 'not guilty' simply means that the State's evidence does not prove the defendant guilty beyond a reasonable doubt." *See* Comm. on the General Charge, *Texas Criminal Pattern Jury Charges: General Instructions* CPJC 2.1 (2015).

We have found no authority for giving this instruction other than the pattern jury charges, and appellant makes no argument for why the trial court erred by omitting this instruction.  In *McDonald v. State*, the San Antonio Court of Appeals held that the trial court did not err by refusing a similar instruction.  *See* 911 S.W.2d 798, 805 (Tex. App.—San Antonio 1995, pet. dism'd).[2]  The court of appeals reasoned the instruction was not required because the charge already included other instructions about reasonable doubt formerly mandated by *Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991), *overruled by Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000).

The jury charge in appellant's case included one of the reasonable doubt instructions formerly mandated by *Geesa* and approved by *Mays*, as discussed above.  Under these circumstances, and with no authority controverting the trial court's decision, we hold that the trial court did not abuse its discretion by refusing appellant's requested instruction.  *See Jackson v. State*, 458 S.W.3d 189, 200 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Wesbrook v. State*, 29 S.W.3d

---

[2] In pertinent part, the requested instruction was as follows: "The verdict 'not guilty' does not necessarily mean the same thing as the term 'innocent.'  Rather, it means not proven beyond a reasonable doubt."  *McDonald*, 911 S.W.2d at 805.

103, 122 (Tex. Crim. App. 2000)) (reviewing denial of jury instruction for abuse of discretion); *cf. Diamond Offshore Servs. Ltd. v. Williams*, No. 01-13-01068-CV, 2015 WL 4480577, at *9 (Tex. App.—Houston [1st Dist.] July 21, 2015, no pet. h.) (holding that the trial court did not abuse its discretion by excluding evidence when there was an absence of binding authority and no Texas case had squarely addressed the issue presented).

Appellant's second issue is overruled.

### III. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/    Sharon McCally
Justice

Panel consists of Chief Justice Frost and Justices McCally and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

7